[617 NYS2d 180]

In the Matter of GEOFFERY D. YORKE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 18, 1994

### APPEARANCES OF COUNSEL

*Sherry K. Cohen* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Mitchell K. Friedman* of counsel *(Jerome Karp, P. C.,* attorney), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent, Geoffery D. Yorke, was admitted to the

practice of law in New York by the First Judicial Department on February 14, 1992 and at all times relevant herein he has maintained an office for the practice of law within this Department.

On February 19, 1993 the respondent was charged with various violations of the Disciplinary Rules in connection with his representation of a plaintiff's assault claim against the City of New York. In his answer to the charges the respondent admitted the factual allegations as set forth in the charges but denied them insofar as they constituted violations of the Disciplinary Rules. At the initial hearing session on the charges the respondent again admitted the factual allegations, however, he also accepted the legal conclusions that the conduct alleged constituted violations of the Disciplinary Rules as charged.

The salient facts out of which the charges in question arose are as follows. In 1979 the plaintiff in question retained the law firm of Sandback and Birnbaum to prosecute an assault claim against the City of New York. The firm filed a timely notice of claim and subsequently the respondent, appearing of counsel to the firm, represented the plaintiff at a hearing mandated by General Municipal Law § 50-h. On February 29, 1980 the firm served a summons with notice upon the City and on March 5, 1980 the City served a demand for complaint on the firm.

The file was then referred to the respondent and on January 30, 1981 respondent was formally substituted as the plaintiff's attorney. It was established before the Hearing Panel that the respondent knew in 1980 or 1981 that no complaint had as yet been filed on behalf of the plaintiff and that the respondent took no action to correct the situation and never discussed the matter with his client. Between 1981 and December 1989 the client contacted the respondent by telephone twice a year and was assured each time that the case was progressing. The respondent also falsely represented to the client that the case would be going to trial in December 1989 and the City had agreed to make a $5,000 interim payment toward the client's medical expenses. The respondent issued a check to the client dated June 9, 1989, in the amount of $5,000 drawn on respondent's attorney escrow account and falsely represented to the client that the check constituted the City's interim payment on his settlement. Finally, in December 1989 the client retained a new attorney who learned that no complaint had ever been served.

Upon our review of the evidence presented to the Hearing Panel and respondent's admissions, we conclude that there is ample evidence in the record to support the Hearing Panel's February 28, 1994 report in which it found the respondent guilty of the multiple violations of the Code of Professional Responsibility listed therein. While we have considered the evidence offered by the respondent in mitigation of his conduct, we are also presented with aggravating factors. The most prominent of which is the fact that the respondent gave false testimony to the Committee during its investigation and demonstrated a distinct lack of candor when testifying before the Hearing Panel. In addition we note that there was no evidence presented to indicate that the respondent's actions were unintentional.

Accordingly, the petition of the Departmental Disciplinary Committee is granted, the Hearing Panel's report is confirmed, and the respondent is hereby suspended from the practice of law for a period of two years and until further order of this Court, effective 30 days from the date of this order.

MURPHY, P. J., SULLIVAN, CARRO, ROSENBERGER and ROSS, JJ., concur.

Application granted, the Hearing Panel's report is confirmed, and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of two years, effective November 18, 1994.